08-5280-ag
Sherpa v. Holder

BIA
Hladylowycz, IJ
A079 509 324

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 4th day of February, two thousand ten.

PRESENT:
ROSEMARY S. POOLER,
BARRINGTON D. PARKER,
RICHARD C. WESLEY,
            *Circuit Judges.*

_____

WONGCHHU SHERPA,
        *Petitioner*,

        v.                                    08-5280-ag
                                              NAC
ERIC H. HOLDER JR.,[1] UNITED STATES
ATTORNEY GENERAL,
        *Respondent*.

_____

---

[1] Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric. H. Holder Jr. is automatically substituted for former Attorney General Michael B. Mukasey as respondent in this case.

FOR PETITIONER:        Khagendra Gharti-Chhetry, New York, New York.

FOR RESPONDENT:        Michael F. Hertz, Acting Assistant Attorney General; William C. Peachey, Assistant Director; Ada E. Bosque, Attorney; Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Wongchhu Sherpa, a native and citizen of Nepal, seeks review of a September 30, 2008 order of the BIA affirming the May 19, 2003 decision of Immigration Judge ("IJ") Roxanne C. Hladylowycz, denying Sherpa's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Wongchhu Sherpa*, No. A079 509 324 (B.I.A. Sept. 30, 2008), *aff'g* No. A079 509 324 (Immig. Ct. N.Y. City May 19, 2003). We assume the parties' familiarity with the underlying facts and procedural history in this case.

When the BIA adopts the decision of the IJ and supplements the IJ's decision, this Court reviews the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). We review the

2

agency's factual findings under the substantial evidence standard. *See* 8 U.S.C. § 1252(b)(4)(B); *see also Manzur v. DHS,* 494 F.3d 281, 289 (2d Cir. 2007). Questions of law and the application of law to undisputed fact are reviewed *de novo*. *See Salimatou Bah v. Mukasey*, 529 F.3d 99, 110 (2d Cir. 2008).

The agency did not err in denying Sherpa's application for asylum and withholding of removal based on his failure to show a nexus to a protected ground. *See* 8 U.S.C. § 1101(a)(42); *See Jiang v. Gonzales,* 500 F.3d 137, 142 (2d Cir. 2007). The agency rejected Sherpa's proposed particular social group, which he defined as wealthy Sherpa landowners who are involved with the Congress Party. *See In re Acosta*, 19 I. & N. Dec. at 211 (BIA 1985) (An "immutable characteristic" is one that members of the group "either cannot change, or should not be required to change because it is fundamental to their individual identities or consciences."). The agency reasonably concluded that "wealth" was not an immutable characteristic that could be used to define a social group. *See Saleh v. U.S. Dep't of Justice*, 962 F.2d 234, 240 (2d Cir. 1992) (holding that "poor" Yemeni Muslims are not a particular social group

3

because group "posses[es] broadly-based characteristics");
*see also Ucelo-Gomez v. Mukasey*, 509 F.3d 70, 73-74 (2d Cir. 2007) (finding reasonable the BIA's conclusion that "affluent Guatemalans" did not constitute a cognizable social group). Further, as the BIA observed, the record indicated that the Maoists targeted the entire Nepalese population and that Sherpa presented "no evidence to suggest that his status as a land owner or as a Sherpa contributed to the threats he received." Therefore, the agency reasonably found both that the social group Sherpa described was not cognizable and that, even if it was, the Maoists were not motivated to persecute him, even in part, on account of his membership in that group. *See Ucelo-Gomez*, 509 F.3d at 73-74.

While Sherpa argues that the BIA failed to consider his imputed political opinion claim, the BIA reasonably found that there was "simply no evidence that the extortion threats he received were motivated even in part by his political leanings." Indeed, Sherpa admitted that his political involvement was minimal. Additionally, while Sherpa argues that the BIA failed to consider the testimony of his witness, the BIA specifically considered that

4

testimony, observing that the witness testified that the Maoists' motivation to target Sherpa was "totally economical." In view of this and other record evidence, we find no error in the BIA's conclusion that the Maoists were not motivated to target Sherpa, even in part, because they believed he held a political opinion antithetical to their own.

Because the agency's nexus findings are dispositive of Sherpa's asylum and withholding of removal claims, we decline to address Sherpa's argument that the BIA erred by failing to address the evidence he submitted concerning whether he could relocate within Nepal. Finally, because the parties' stipulated agreement did not remand to the agency for it to consider CAT relief, and the BIA did not consider that form of relief on remand, Sherpa's challenge to the agency's denial of CAT relief is unexhausted. *See* 8 U.S.C. § 1252(d)(1); *Karaj v. Gonzales*, 462 F.3d 113, 119 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

5